## SPIKER v ALDRICH

Ohio Appeals, 9th Dist, Medina Co.

No. 162. Decided April 10, 1939

Marshall M. Keep, Lorain. and Raymond B. Bennett, Medina, for appellee.

Burroughs & Burroughs, Akron, and R. E. Snedden, Medina, for appellant.

## OPINION

By STEVENS, J.

This action, originating in the Court of Common Pleas of Medina County, was one for the recovery of damages alleged to have been sustained by plaintiff therein, appellee herein. by reason of false representations claimed to have been made to plaintiff by defendant therein, appellant herein, in connection with a transfer of real estate between plaintiff and defendant.

The jury returned a verdict for plaintiff for three thousand dollars, upon which judgment was entered, and appeal on questions of law brings the cause into this court.

Numerous errors are assigned by defendant (appellant), but we shall devote our discussion to the claimed error in the charge of the court.

The trial court charged as follows:

"The plaintiff must show by such preponderance or greater weight of the evidence that some one or more of the alleged false representations set out in his second cause of action in his petition, were made to him by the said C. R. Aldrich, defendant, to-wit: That defendant, C. R. Aldrich, represented to him that at no time past or present had the Federal Land Bank demanded payment of said delinquent payments, nor had the said bank at any time past or present threatened the said C. R. Aldrich with foreclosure of said mortgage: whereas, in truth and fact. the Federal Land Bank had demanded repeatedly, of C. R. Aldrich, payment of said delinquencies in full, and had repeatedly threatened foreclosure of said mortgage. That the delinquent payments due and owing the Federal Land Bank of Louisville, Kentucky, would not have to be paid in one sum, but that

same could be paid at the convenience of the plaintiff herein; which representations were false in fact when made and that said defendant had no reasonable ground to believe them substantially correct when they were caused to be made, or recklessly caused them to be made without regard to their truth or falsity, and also that said defendant caused the same to be made with the fraudulent intent to deceive the defendant, and that defendant had not at hand the means of verifying the truth or falsity of such representations, but relied upon the same, believed them to be true, and except for such reliance on and faith in said representations he would not have made contract for exchange of real estate.

"Every false affirmation does not amount to a fraud. If, by an ordinary degree of caution, the party complaining could have ascertained the falsity of the representations complained of, then such party is not entitled to a verdict; and in this case, to entitle the plaintiff to maintain his second cause of action in his petition, you must find by a preponderance of the evidence, not only that the representations complained of were made, that they were false and defendant knew them to be false, or recklessly caused them to be made without knowing whether they were true or not, or even made them in the belief of their truth. though not based on any reasonable grounds, and intended them to be acted upon, but also that they were made under circumstances calculated to deceive a person acting with reasonable and ordinary prudence and caution; and for this purpose you should consider all the circumstances under which the alleged representations appear, from the evidence, to have been made, and whether, under the circumstances, the representations were such as a person of common and ordinary prudence. would or should have relied upon, or such as would be likely to mislead such a person; and that defendant was induced thereby to enter into a contract for the exchange of real estate.

"The burden of proving fraud is upon the person asserting it. Fraud is not to be presumed without proof, yet fraud, like any other fact, may be proved by showing such circumstances as lead fairly and naturally to the conclusion that fraud has been committed; and if such circumstances are proved and they are of such character as to produce in the mind of the jury a belief that fraud had been committed, then it may be considered that fraud has been proved. But before fraud can be proved by circumstances, the conclusion of fraud shall be inconsistent with any other probable or reasonable theory. Fraud will not be imputed when the facts upon which it is predicated may be consistent with honesty and fair dealing.

"If the fraud be such that, had it not been practiced, the contract would not have been made or the transaction completed, then it is material; but if it be shown or made probable that the same would have been done in the same way if the fraud had not been practiced, it cannot be material.

"The misrepresentation must have been made in relation to a fact or state of facts which was material to the transaction, and the determining ground for the transaction. There must have been the assertion of a fact or facts upon which the plaintiff entering into the transaction relied, and in the absence of which it is reasonable to infer that he would not have entered into it, or, at least, not on the same terms.

"Both facts must concur. There must be a false and material representation and the plaintiff must have acted upon the faith and credit of such misrepresentation.

"A statement recklessly made, without knowledge of the truth, is equivalent to a false statement knowingly made. If a party made representations not knowing whether they are false or true, he cannot be considered as innocent, since the positive assertion of a fact is, by plain implication, an assertion of knowledge concerning the fact. Hence, if a person have no knowledge concerning a fact, but asserted it to be true and it was in fact untrue, he

must be inferred to have known it to be false.

"In considering the evidence pertaining to the representations claimed to have been made by defendant and which are alleged to have induced the plaintiff to enter into the contract for the exchange of real estate. you must confine your inquiry to the representations set forth in the petition as above outlined. The defendant can not be held responsible for any representations or statements, if any. as to what the future prospects or profits of the farm would be, the defendant can not be held to answer for any opinion expressed by him as to what future events might be, or what the future profits or conditions of the farm would be. The plaintiff's right to assert his second cause of action can only be predicated upon false statements made to him by defendant as to existing things and past conditions.

"Should you fail to find by the preponderance of the evidence and under these instructions that some one or more of said false representations were in fact made by defendant to the plaintiff, that said representation was false in fact and known at the time to be false by said defendant, or recklessly made without regard to the truth or falsity thereof, that it was made for the purpose and with the fraudulent intent to deceive the plaintiff, who relied thereon having no present means at hand to discover or detect said fraud, and that. but for such false representations or statements, plaintiff would not have signed said contract, I say, if you fail to find the existence of any one or all of these several matters necessary to be shown to constitute fraud, then the plaintiff will have failed to establish his defense and you will return your verdict for the defendant."

We believe that the opinion of this court in **J. B. Colt Co. v Wasson, 15 Oh Ap 484,** well states the law on this subject. It was there said that—

"Fraud at law is a right of action in a court of common law jurisdiction, sounding in damages, and is usually termed an action of deceit.

"Fraud in equity is a right of action of which a court of equity will take cognizance, but the fraud is the same in either case, the distinction being in the nature of the relief rather than in the character of the fraud.

"In either case the misstatement must be of a past or existing transaction. the deception must relate to facts then existing, or which had previously existed and which were material to the dealings between the parties in which the deception is employed.

"Vague and indefinite statements or representations do not constitute a defense to an action for specific performance of a contract; to be fraudulent the representations must be definite, and not mere general statements. uncertain in their character, not simply puffing, or dealer's talk, mere commendation; a simple statement of opinion is not regarded as a misrepresentation where no confidential relation exists between the parties and representations as to what will be performed, or will take place in the future, are regarded as predictions and not fraudulent whether the matter is before the court as an action for damages for deceit or defensively as a ground of avoidance of a written contract. Wilder v DeCou, 18 Minn., 470 and King v Eagle Mills, 10 Allen (92 Mass.), 548."

Let us test the two alleged false representations submitted by the trial court to the jury, in the light of the rule above announced. The first, "that defendant, C. R. Aldrich, represented to him (plaintiff) that at no time past or present had the Federal Land Bank demanded payment of said delinquent payments, nor had the said bank at any time past or present threatened the said C. R. Aldrich with foreclosure of said mortgage," concededly dealt with a past transaction, and if proven to be false might furnish the basis for recovery in an action for fraudulent representations. The second, "that the delinquent payments due and owing to the Federal Land Bank of Louisville,

Ky., would not have to be paid in one sum, but that same could be paid at the convenience of the plaintiff herein," of necessity dealt with a subject to be determined in the future, and as such could not furnish the basis of a recovery for false representations.

The court in its charge stated that recovery could be had by plaintiff if he proved the falsity of either or both of said representations.

If the jury found only the latter to have been proven, then there would have been no basis in law for a recovery by plaintiff.

The charge as given was palpably erroneous, the error being one of commission. We are of the opinion that the jury could not have failed to be misled by said charge, and the prejudice resulted therefrom to defendant.

That error requires a reversal of the judgment entered, and that the cause be remanded for a new trial.

We find no prejudicial error in connection with the other errors assigned.

Judgment reversed and cause remanded.

WASHBURN, PJ. & DOYLE, J., concur.